SUSIE T. PETTY v. WILLIAM ALLEN ALDRIDGE AND ANN W. ALDRIDGE, BY HER GUARDIAN AD LITEM, WILLIAM A. ALDRIDGE

No. 7315SC37

(Filed 16 January 1974)

1. Automobiles § 90— violation of statute as negligence per se — instruction improper

    In plaintiff's action to recover for personal injuries sustained by her when defendant drove her vehicle into the rear of plaintiff's

vehicle, the trial court's instruction with respect to when violation of a statute is negligence *per se* and when it is not negligence *per se* was error, since the evidence did not disclose any violation of a motor vehicle statute.

2. **Automobiles § 90— negligence as proximate cause of collision — instruction improper**

   Where the question was whether defendant's negligence, if any, was a proximate cause of the injuries, if any, plaintiff received, the trial court erred in instructing the jury that they were to determine if defendant was negligent and if that negligence was one of the proximate causes of the collision between the vehicles.

3. **Automobiles § 90— negligent act of defendant — jury question — erroneous instruction**

   Trial court's instruction to the jury that they were to consider what amount, if any, they found to be fair and reasonable compensation for suffering both of body and mind which they found "proximately resulted from the negligent act of the defendant" was error, since that instruction could have allowed them to think that defendant committed a negligent act and this determination, having been made by the court, was not for them to consider.

APPEAL by defendants from *Chess, Judge,* 24 July 1972 Session, Superior Court, ALAMANCE County.

Plaintiff seeks damages for personal injuries allegedly received as the result of the negligent operation of an automobile by defendant Ann W. Aldridge. Plaintiff alleged, and her evidence tended to show, that at about 3:30 p.m. on 2 January 1968, she had parked her automobile at the east curb of Tarlton Avenue in Burlington, N. C., and was sitting in the car waiting for her son to be released from school and come get in the car.

Defendant, Ann Aldridge, a 19-year-old girl driving a Ford automobile owned by her father, defendant William Allen Aldridge, drove the Ford automobile into the rear of plaintiff's car.

Plaintiff's evidence tended to show that at the time she did not think she was hurt but that she began to have pain and muscle spasms, was treated by an orthopedic surgeon, and was given a 15% permanent disability by him, this being the minimum disability. The evidence was that prior to the accident, she was a crossing guard for a school in Burlington and received some $33.75 each two weeks for this work. She was also tying tail cords in her home for Burlington Industries, had been doing so since 1966, and was paid $9.00 per 1,000. She testified she could do 10,000 per week. The evidence was she was receiving

more at the time of trial for her work for the City of Burlington as a crossing guard for a school than she was at the time of her injury, that she had done no more work at home for Burlington, did not know what their needs were during the years since the accident as to tail cords and had no agreement with them as to how many she would tie for them per year.

The defendant did not put on any evidence. The jury returned a verdict for plaintiff and awarded damages in the amount of $22,000.00. From the judgment entered on the verdict, defendants appealed.

*Vernon & Vernon by John H. Vernon, Jr., and Wiley P. Wooten, for plaintiff appellee.*

*Jordan, Wright, Nichols, Caffrey & Hill by Karl N. Hill, Jr., for defendant appellants.*

PARKER, Judge.

Defendants bring forward and argue in their brief some 15 assignments of error. Since, in our view of the case, the defendants are entitled to a new trial because of prejudicial errors in the charge, we do not discuss those assignments of error directed to the rulings of the court in admission or exclusion of evidence since these are not likely to occur at another trial.

We only discuss those errors in the charge which are sufficiently prejudicial singly or cumulatively to require a new trial.

[1] The court charged the jury with respect to when violation of a statute is negligence *per se* and when it is not negligence *per se*. This instruction was not warranted, because the evidence did not disclose any violation of a motor vehicle statute, and the instruction served only to confuse the jury. To add further to the confusion, the court charged:

> "In this case, members of the jury, the plaintiff is invoking the alleged violation by the defendant of one or more of the following statutes. North Carolina General Statute 20-141, Section (c). This statute provides that the fact that a person is driving a vehicle within the speed limit does not relieve him of the duty to exercise due care, when the circumstances indicate that he or she should do so to avoid collision or injury, he or she is required to

decrease speed when special hazards exist with respect to pedestrians or other traffic. A violation of this statute is negligence within itself."

After a conference at the bench with the attorneys the court said: "Members of the jury, the court has just given you a charge relating to special hazards. The court instructs you to disregard that instruction and don't use it in your deliberations." The court did not retract its instruction with respect to situations where violation of a motor vehicle statute might be negligence *per se*. Indeed the error was compounded when the court proceeded to instruct that the plaintiff was "invoking the alleged violation" by defendant of failing to keep control of her automobile and a further violation of failure to keep a proper lookout. Immediately following these instructions the court instructed that the plaintiff was invoking the "alleged *violation of one or more of these statutes* or laws" by the defendant as "being *the* direct immediate and proximate cause" of plaintiff's injuries. Again the court makes it possible for the jury to speculate that if defendant failed to keep a proper lookout and failed to keep her automobile under control she was guilty of violation of a statute which would constitute negligence *per se* and no other facts could be considered.

[2]  In addition, in the court's mandate on the first issue, he instructed that if the plaintiff had fulfilled the responsibility cast upon her in presenting evidence which by its quality and convincing power had satisfied the jury, by its greater weight, that defendant was negligent in the particulars which he set out and that the negligence was one of the proximate causes of the *"collision between the vehicles,* then it would be your duty to answer the first issue in favor of the plaintiff, that is YES." Of course, the issue was whether the plaintiff was *injured* by the defendant's negligence. There was no doubt but that the defendant's car ran into the rear of plaintiff's parked vehicle. The question was whether defendant's negligence, if any, was a proximate cause of the injuries, if any, plaintiff received.

[3]  Finally, the court instructed the jury that they were to consider what amount, if any, they found to be fair and reasonable compensation for suffering both of body and mind which you find "proximately resulted from *the* negligent act of the defendant." Whether defendant was negligent was a question for the jury as well as whether his negligence, if any, was a proximate cause of plaintiff's injuries. This last instruction to the

jury could well have allowed them to think that the court had said that defendant committed a negligent act and this determination, having been made by the court, was not for them to consider.

The cumulative effect of these errors in the charge, we think, is to leave the jury—the trier of fact—without the proper guidance necessary for a determination of the issues in the case.

New trial.

Chief Judge BROCK and Judge MORRIS concur.